UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ERICKSON DAMIAN ALONZO
PASCUAL,

          Petitioner,

     v.

PHILIP RHONEY, *in his official capacity as Acting Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement*, et al.,

          Respondents.

---

**DECISION AND ORDER**

1:26-CV-01573-EAW

Petitioner Erickson Damian Alonzo Pascual ("Petitioner") is a civil immigration detainee alleging that he is being detained in United States Immigration and Customs Enforcement ("ICE") custody pending removal proceedings in violation of the United States Constitution. (Dkt. 1). He seeks relief under 28 U.S.C. § 2241. (*Id.*). Petitioner is being held at the Buffalo Federal Detention Facility in Batavia, New York. (*Id.* at ¶ 1).

The Second Circuit issued a decision in *da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), holding that noncitizens who are present in the United States after entering without inspection and admission and who were not apprehended at or near the border at the time of entry are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead are subject to detention under section 1226(a). In addition, this Court issued Decisions and Orders in *Ivonin v. Rhoney, et al.*, No. 6:25-CV-06673 EAW, 2026 WL 199283 (W.D.N.Y.

- 1 -

Jan. 26, 2026) and *Ab-Rahim v. Marich*, No. 6:26-CV-06005-EAW, 2026 WL 279113, at

*1 (W.D.N.Y. Feb. 3, 2026), holding that the detention of noncitizens following expiration

of parole is also governed by 8 U.S.C. § 1226(a), and not § 1225(b)(2).  Respondents

acknowledge that the rulings in the identified cases concern the same or similar challenges

to the government policy or practice at issue in the instant petition and would direct the

same outcome in this matter entitling Petitioner to a bond hearing.  (Dkt. 4).

Accordingly, for the reasons articulated in the aforementioned decisions, the petition

is granted to the extent that Petitioner seeks a bond hearing, [1] and a bond hearing shall be

conducted in accordance with the following terms:

1.    Petitioner shall be granted a bond hearing before an immigration judge ("IJ")

on or before August 14, 2026.  If Petitioner requests a continuance that results in a bond

hearing date outside this deadline, such a continuance will comply with this Order as long

as the new date falls within a reasonable time period.

2.    After considering the balancing test set forth in *Mathews v. Eldridge*, 424

U.S. 319 (1976), the Court concludes that the government shall have the burden to

---

[1]    Petitioner requested a status conference or a modified Text Order to request that Respondents address whether release was appropriate in light of Petitioner's Special Immigrant Juvenile Status with a grant of deferred action. (Dkt. 3). The Court entered a supplemental Text Order directing Respondents to specifically discuss their position as to the effect of Petitioner's status and his request for release. (Dkt. 4). Respondents' response addresses these matters (Dkt. 6 at 6-8). Rather than delay Petitioner's receipt of a bond hearing so that the parties can brief these issues in a more fulsome matter, the Court issues this Decision and Order now without prejudice to Petitioner pursuing his arguments further following a bond hearing being conducted, if appropriate.

demonstrate dangerousness or flight risk by clear and convincing evidence. *See Nany v. Blanche et al.*, No. 1:26-CV-01187-EAW, 2026 WL 1842635, at \*4-5 (W.D.N.Y. June 26, 2026) (Court's analysis of *Mathews* factors under similar circumstances to this case, which applies equally here); *Lieogo v. Freden*, No. 6:25-CV-06615 EAW, 2025 WL 3290694, at \*4-5 (W.D.N.Y. Nov. 26, 2025) (same). In deciding whether the government has met its burden of proof, the IJ must consider whether less-restrictive alternatives to detention can reasonably address the government's interest in Petitioner's continued detention.

3. If the IJ finds that the government has not met its burden, then in setting any bond the IJ must consider Petitioner's ability to pay and alternative conditions of release.

4. Thus, in order to continue Petitioner's detention after any bond hearing, the IJ must find by clear and convincing evidence and make findings that no condition or combination of conditions of release can reasonably ensure Petitioner's appearance and the safety of the community—that is, even with conditions, Petitioner presents an identified and articulable risk of flight or a threat to another person or the community.

5. Respondents are directed to file a status update with the Court <u>on or before August 18, 2026</u>.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:    August 10, 2026
          Rochester, New York